# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN SZAREWICZ, | ) |
| | ) Civil Action No. 10 - 1141 |
| Petitioner, | ) |
| | ) Chief District Judge Gary L. Lancaster |
| v. | ) Magistrate Judge Lisa Pupo Lenihan |
| | ) |
| THE PENNSYLVANIA ATTORNEY GENERAL; WARDEN OF SCI HOUTZDALE; and THE ALLEGHENY COUNTY DISTRICT ATTORNEY, | ) |
| | ) |
| Respondents. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.  RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed as a successive 2254 petition for which the Petitioner has not demonstrated the necessary certification from the Court of Appeals for the Third Circuit as required under 28 U.S.C. § 2244(b)(3).

II.  REPORT

In this action, Petitioner, Steven Szarewicz, a state prisoner incarcerated at the State Correctional Institution at Rockview, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 wherein he challenges his conviction of first degree murder and sentence of life imprisonment imposed by the Court of Common Pleas of Allegheny County on November 13, 1985. This is not Petitioner's first habeas corpus petition filed in this Court.

In this regard, on November 21, 1997, Petitioner filed a Petition for Writ of Habeas Corpus in this Court (docketed at Civil Action No. 97-2006), wherein he attacked the same conviction he

is challenging in his current action. On February 7, 2000, United States District Judge Donald E. Ziegler entered an Order denying Petitioner's Petition on the merits and denying a certificate of appealability (Commw. Ex. 77). This Order adopted the January 6, 2000 Report and Recommendation by Magistrate Judge Ila Jeanne Sensenich (Commw. Ex. 75). On February 14, 2000, Petitioner filed a Notice of Appeal and an Application for Certificate of Appealability in the United States Court of Appeals for the Third Circuit, which was docketed at Civil No. 00-3183. On March 13, 2001, the Court of Appeals for the Third Circuit issued an Order denying petitioner's request for a certificate of appealability (Commw. Ex. 82).

On October 18, 2004, Petitioner filed an Application for Permission to File Second 2254 Petition in the United States Court of Appeals for the Third Circuit, which was docket at Civil No. 04-4033. On November 30, 2004, the Court of Appeals for the Third Circuit denied Petitioner permission to file a second or successive petition (Commw. Ex. 102).

On February 7, 2007, Petitioner filed another Petition for Writ of Habeas Corpus in this Court, which was docketed at Civil Action No. 07-160. On February 12, 2007, Magistrate Judge Francis X. Caiazza issued a Report and Recommendation that the petition be dismissed "sua sponte because he has attempted to circumvent the requirement that he first seek permission from the Court of Appeals to file a second or successive petition." Commw. Ex. 123. On March 6, 2007, District Judge Arthur J. Schwab filed a Memorandum Order, which dismissed the petition as a successive petition (Commw. Ex. 125). On March 12, 2007, Petitioner filed a Notice of Appeal and Application for Certificate of Appealability in the United States Court of Appeals for the Third Circuit, which was docketed at Civil No. 07-1747. On July 19, 2007, the Court of Appeals for the Third Circuit denied the request for a certificate of appealability holding as follows.

> The request for a certificate of appealability is denied, as jurists of reason could not debate the District Court properly construed Appellant's petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Although Appellant seeks relief under 28 U.S.C. §2241, his habeas petition was filed after entry of a state court judgment; thus, he must rely on the more specific statute, §2254, not §2241, to raise his claims. Cody v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). Because Appellant has previously filed a §2254 petition, this is a second or successive petition from this Court. 28 U.S.C. §2244(b)(3)(A). Appellant also requested that his habeas petition be construed as a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b). No judgment was entered by the District Court at the time Appellant filed his Rule 60(b) motion. Accordingly, his motion was improper.

Commw. Ex. 128.

On June 14, 2010, Petitioner filed his current Petition for Writ of Habeas Corpus in this Court, which is docketed at Civil Action No. 10-1141. In the instant petition, Petitioner is attacking the same conviction that he attacked in his previous petitions. Because this Court determined that Petitioner's claims regarding his first degree murder conviction were without merit, his current Petition is a "successive" petition, which is subject to the certification requirements set forth in 28 U.S.C. § 2244(b)(3), which provides as follows.

> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B)  A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C)  The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

Having decided that Petitioner's current motion should be treated as a second § 2254 petition, it must be dismissed as this Court does not have subject matter jurisdiction. *See* Burton v. Stewart, 549 U.S. 147 (2007) (holding that the District Court did not have jurisdiction to entertain a successive petition because the court of appeals had not authorized the petitioner to file a successive habeas petition under 28 U.S.C. § 2244(b)).

III. CONCLUSION

For the reasons discussed above, it is respectfully recommended that the petition for writ of habeas corpus be dismissed as a successive 2254 petition for which the Petitioner has not demonstrated the necessary certification from the Court of Appeals for the Third Circuit as required under 28 U.S.C. § 2244(b)(3).

In accordance with the applicable provisions of the Magistrate Judges Act [28 U.S.C. § 636(b)(1)(B) & (C)] and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen days from the date on which the objections are served to file its response. A party's failure to file timely objections may constitute a waiver of that party's appellate rights.

November 17, 2010

                                              Lisa Pupo Lenihan
                                              U.S. Magistrate Judge

cc:    Steven Szarewicz
        AP - 8784
        S.C.I. Rockview
        Box A
        Bellefonte, PA 16823